1

2

3                    UNITED STATES DISTRICT COURT

4                         DISTRICT OF NEVADA

5                                * * *

6    RICHARD CAPRI,                          Case No. 3:22-cv-00514-MMD-CLB

7                          Plaintiff,                      ORDER
             v.
8
     STEVE SISOLAK, *et al.*,
9
                          Defendants.
10

11   **I.      DISCUSSION**

12          On August 25, 2023, the Court issued a screening order permitting several claims

13   to proceed and referring the case to the Inmate Early Mediation Program. (ECF No. 17).

14   In the screening order, the Court deferred a decision on the motion for preliminary

15   injunction and stated that, if the parties did not settle at mediation, Defendants would file

16   a response to the motion no later than 14 days after the scheduled inmate early mediation.

17   (*Id.* at 16).

18          On October 24, 2023, the parties did not settle at the inmate early mediation. (*See*

19   ECF No. 20). The next day, the Court received mail returned as undeliverable to Plaintiff.

20   (ECF No. 21). According to the return mail and the Nevada Department of Corrections

21   ("NDOC") inmate database, Plaintiff has been paroled.

22          The Court now denies the motion for preliminary injunction as moot, directs Plaintiff

23   to file an updated address, denies the application to proceed *in forma pauperis* for inmates

24   as moot, and directs Plaintiff to file an application to proceed *in forma pauperis* for non-

25   prisoners.

26

27

28

**A.     Motion for Preliminary Injunction (ECF No. 16)**

In his motion for preliminary injunction, Plaintiff sought to compel the employees of the NDOC to authorize and schedule his shoulder surgery as recommended by doctors. (ECF No. 16).

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies as moot Plaintiff's motion for preliminary injunction to have the NDOC authorize his shoulder surgery because Plaintiff is no longer incarcerated. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (holding that "[a]n inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action); *see Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (exception to mootness that case is capable of repetition yet evading review limited to circumstances where there is a reasonable expectation that the same complaining party would be subject to the same action again). Because it is no longer necessary for the NDOC to preapprove surgeries for Plaintiff, the Court denies the motion as moot.

**B.     Change of Address and *In Forma Pauperis* Application**

Plaintiff has not filed an updated address with this Court. The Court notes that under Nevada Local Rule of Practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone

number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Nev. Loc. R. IA 3-1. This Court grants Plaintiff until November 23, 2023 to file his updated address with this Court. If Plaintiff does not update the Court with his current address by November 23, 2023, this case will be subject to dismissal without prejudice.

Additionally, the Court denies the application to proceed *in forma pauperis* for prisoners (ECF No. 12) as moot because Plaintiff is no longer incarcerated. The Court now directs Plaintiff to file an application to proceed *in forma pauperis* by a non-prisoner by November 23, 2023 or pay the full filing fee of $402.

## II.     CONCLUSION

It is therefore ordered that the motion for preliminary injunction (ECF No. 16) is denied as moot.

It is further ordered that Plaintiff must file an updated address with the Clerk of Court by November 23, 2023.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* for prisoners (ECF No. 12) is denied as moot.

It is further ordered that the Clerk of Court will send Plaintiff the approved form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

It is further ordered that by November 23, 2023, Plaintiff will either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $402.

It is further ordered that, if Plaintiff fails to timely comply with this order, this case will be subject to dismissal without prejudice.

1    DATED THIS 30th Day of October 2023.

2

3    _____

4    MIRANDA M. DU
     CHIEF UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28